The opinion of the Court was delivered by
O’Neall, J.
The presumption of payment, when depending on lapse of time alone, cannot arise in a less time than twenty years; but if other circumstances exist in a case, inducing a reasonable belief that the party would not have suffered the *285 debt to have remained so long dormant, unless it had been paid, a less time than twenty years, in connection with, and aided by, such circumstances, may authorize a Court and jury, or a Chancellor, to presume payment. What circumstances, in connection with lapse of time, will be sufficient to raise this presumption, must, in .some degree, depend upon each case. The settlement of other subsequent demands, the contiguous residence of the parties, the poverty of the obligee and affluence of the obligor, the existence of a demand on the part of the obligor, to the amount of the debt due the obligee, and against which the lapse of time would be a bar, and the necessity that the creditor should have claimed payment out of the fund in the hands of an executor, administrator, or assignee, to prevent its being paid away to others, may all very well, when united with the lapse of a great many years, create a reasonable belief, (which is but another name for a legal presumption,) that the debt has been paid.
In the case of Blake vs. Quash and Pinckney, fourteen years intervened- between the last payment made by the heir and the institution of the suit. “ The heir at law, and the attorney. Lining, in whose hands the bond had been placed for collection, lived in the same street, in the samé city;” Lining was well known to be peculiarly attentive to the-discharge of his professional duty, and “therefore,” (says Judge Colcock, who delivered the opinion,) “ it is fair to presume that the bond was paid.” 3 McC., 340.
In the case before us, upwards of fifteen years elapsed from the confession of judgment to the institution of this suit. During that time, the creditor, Barnwell, and the defendant’s assignors, Rhodes and Otis, have died. No attempt was made to enforce collection — not even a Ji. fa. was issued on the judgment ; no demand of payment was made on the assignee, notwithstanding his advertisements for creditors to present their demands. In his possession is found a note on Mr. Barnwell, payable to Bold and Rhodes, for nearly the amount of the judgment. He swears, in his answer, that when he entered on' his- *286 duty as assignee, he was told that it was a satisfaction of the judgment, and that he so marked it on the list of debts due by the assignors. It is true that the debt of Bold and Rhodes was not a legal set oif to the judgment of Rhodes and .Otis; but yet it may have been that it belonged to them, and if so, this would have made it a good equitable set oif. The confession of judgment of a different firm could not have concluded the other firm from legally, asserting the debt on the note. It appears that it was given in '1807, and was consequently barred by the statute of limitations, before the confession in 1813 ; but still Mr. Barnwell would, if it had been a just debt, in all probability, have been disposed to pay it, and the presumption arising from suffering his judgment to stand so long without requiring payment, would be, that he considered the note as balancing it.
Taking all the circumstances in the case, in connection with the lapse of upwards of fifteen years, it is a reasonable conclusion that the judgment was satisfied, by an understanding between Barnwell and Rhodes, who lived in the same neighborhood, that the note to Bold and Rhodes should be applied to its payment.
It is ordered and decreed, that Chancellor DeSaussure’s decree be reversed, and the bill dismissed with costs.
Johnson, J., concurred.